## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

### CHAPTER 13 PLAN
### AND RELATED MOTIONS

Name of Debtor(s):     **Shana Leigh Marshall**                    Case No:  **15-10855-BFK**

This plan, dated   **August 16, 2018**   , is:

☐ the *first* Chapter 13 plan filed in this case.
☑ a modified Plan, which replaces the
   ☐ confirmed or ☑ unconfirmed Plan dated   **June 6, 2018**   .

Date and Time of <u>Modified Plan</u> Confirmation Hearing:
**September 20, 2018 at 1:30 p.m.**

Place of <u>Modified Plan</u> Confirmation Hearing:
**Judge Kenney's Courtroom, 2nd Floor, Courtroom I, 200 South Washington Street, Alexandria, VA**

The Plan provisions modified by this filing are:
**Section 2 (Plan Funding)**

Creditors affected by this modification are:
**All General Unsecured Creditors**

**1. Notices**

**To Creditors:**

**Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.  See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.**

**The following matters may be of particular importance.**

**Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| A. | A limit on the amount of a secured claim, set out in Section 4.A which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
|---|---|---|---|
| B. | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 8.A | ☐ Included | ☑ Not included |
| C. | Nonstandard provisions, set out in Part 12 | ☑ Included | ☐ Not included |

**2.**     **Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of $  **275.00**   per   **month**   for   **17**   months..

Other payments to the Trustee are as follows: **$18,207.50 Paid Into the Plan as of August 16, 2018.**

   The total amount to be paid into the Plan is $  **22,882.50**   .

**3.**     **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   **A.**     **Administrative Claims under 11 U.S.C. § 1326.**

      1.     The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10% of all sums received under the plan.

      2.     Check one box:

☑ Debtor(s)' attorney has chosen to be compensated pursuant to the "no-look" fee under Local Bankruptcy Rule 2016-1(C)(1)(a) and (C)(3)(a) and will be paid $ __4,760.00__ , balance due of the total fee of $ __5,050.00__ concurrently with or prior to the payments to remaining creditors.

☐ Debtor(s)' attorney has chosen to be compensated pursuant to Local Bankruptcy Rule 2016-1(C)(1)(c)(ii) and must submit applications for compensation as set forth in the Local Rules.

**B.** **Claims under 11 U.S.C. § 507.**

The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid pursuant to 3.C below:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **Internal Revenue Service** | **2016 Tax Liability** | **984.00** | **Prorata** |
| **Internal Revenue Service** | **Taxes and certain other debts** | **880.00** | **Prorata**<br>**4 months** |

**C.** **Claims under 11 U.S.C. § 507(a)(1).**

The following priority creditors will be paid prior to other priority creditors but concurrently with administrative claims above.

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **-NONE-** | | | |

**4.** **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

**A.** **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 4(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 5 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **-NONE-** | | | | |

**B.** **Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay under §§ 362(a) and 1301(a) as to the interest of the debtor(s), any co-debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **UVA Community Credit Union fka Northern Piedmont FCU** | **2006 Dodge Stratus** | **4,025.00** | **8,193.40** |
| **Blue Ridge Housing Network** | **7053 Justin Court W, Remington VA 22734** | **0.00** | **28,867.00** |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **USDA Rural  Development** | **7053 Justin Court W, Remington VA 22734** | **163,400.00** | **309,541.15** |

***SEE NOTES IN SECTION 12**

**C.        Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 4(D) and/or 7(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| -NONE- | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 7(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.        Payment of Secured Claims on Property Being Retained (except those loans provided for in section 6 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, *whichever is less*, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation specified in sub-section A and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|
| **-NONE-** | | | | |

**E.        Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' principal residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 6 of the Plan.

**5.        Unsecured Claims.**

**A.        Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately   **5**   %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately   **0**   %.

**B.        Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**6.        Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Principal Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

**A.        Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement. A default on the regular contract payments on the debtor(s) principal residence is a default under the terms of the plan.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

**B.**      **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

**C.**      **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|
| **-NONE-** | | | | |

**7.**      **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts, leases and/or timeshare agreements listed below.

         **A.**      **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts:

| Creditor | Type of Contract |
|---|---|
| **-NONE-** | |

         **B.**      **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **-NONE-** | | | | |

**8.**      **Liens Which Debtor(s) Seek to Avoid.**

         **A.**      **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|
| **-NONE-** | | | | |

         **B.**      **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate adversary proceedings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| **-NONE-** | | | |

**9.**      **Treatment and Payment of Claims.**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

- All creditors must timely file a proof of claim to receive any payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after  the debtor(s) receive a discharge.
- If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.
- If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.
- Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in the plan.

10.    **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not transfer, sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

11.    **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, whether unsecured or secured, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

12.    **Nonstandard Plan Provisions**

☐ **None. If "None" is checked, the rest of Part 12 need not be completed or reproduced.**

**NOTE REGARDING SECTION 4B:**
**Any unsecured proof of claim for a claim of deficiency that results from the surrender and liquidation of collateral noted in Paragraph 3(B) of this plan must be filed by the earlier of the following or such claim shall be forever barred: (1) within 180 days of the date of the first confirmation order confirming a plan providing for the surrender of said collateral, or (2) within the time period for the filing of an unsecured deficiency claim as established by any Order granting relief from the automatic stay with respect to said collateral. Said unsecured proof of claim for a deficiency must include appropriate documentation establishing that the collateral surrendered has been liquidated, and the proceeds applied, in accordance with applicable state law.**

Dated:    **August 16, 2018**

**/s/ Shana Leigh Marshall**                                  **/s/ John C. Morgan**
**Shana Leigh Marshall**                                      **John C. Morgan 30148**
Debtor                                                        Debtor's Attorney

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form Plan, other than any nonstandard provisions included in Part 12.

**Exhibits:**    **Copy of Debtor(s)' Budget (Schedules I and J); Matrix of Parties Served with Plan**

Certificate of Service

I certify that on    **August 16, 2018**   , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ John C. Morgan**
**John C. Morgan 30148**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

Signature

**98 Alexandria Pike**
**Suite 10**
**Warrenton, VA 20186**
Address

**540-349-3232**
Telephone No.

CERTIFICATE OF SERVICE PURSUANT TO RULE 7004

I hereby certify that on __**August 16, 2018**__ true copies of the forgoing Chapter 13 Plan and Related Motions were served upon the following creditor(s): **Northern Piedmont Federal Credit Union; Blue Ridge Housing Network; USDA Rural Development**

☑ by first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P.; or

☐ by certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

**/s/ John C. Morgan**
**John C. Morgan 30148**

Page  6

# SPECIAL NOTICE TO SECURED CREDITOR

To:
**UVA Community Credit Union**
**3300 Berkmar Drive**
**Charlottesville, VA 229021**
*Name of creditor*

**2006 Dodge Stratus**
*Description of collateral*

1.      The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☑      To value your collateral.  ***See Section 4 of the plan.***  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐      To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 8 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.      ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **September 13, 2018** |
| Date and time of confirmation hearing: | **September 20, 2018 at 1:30 p.m.** |
| Place of confirmation hearing: | **Judge Kenney's Courtroom, 2nd Floor, Courtroom I,** |
| | **200 S. Washington St. Alexandria, VA** |

**Shana Leigh Marshall**
*Name(s) of debtor(s)*

By:    **/s/ John C. Morgan**
**John C. Morgan 30148**
*Signature*

☑ Debtor(s)' Attorney
☐ Pro se debtor

**John C. Morgan 30148**
*Name of attorney for debtor(s)*
**98 Alexandria Pike**
**Suite 10**
**Warrenton, VA 20186**
*Address of attorney [or pro se debtor]*

Tel. #  **540-349-3232**
Fax #  **888-612-0943**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☑ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this __**August 16, 2018**__ .

**/s/ John C. Morgan**
_____

**John C. Morgan 30148**

*Signature of attorney for debtor(s)*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

# SPECIAL NOTICE TO SECURED CREDITOR

To:
**Blue Ridge Housing Network**
**115 Chester Street, #4**
**Front Royal, VA 22630**
*Name of creditor*

**7053 Justin Court W., Remington, VA 22734 (Real Estate)**
*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☑     To value your collateral.  *See Section 4 of the plan.*  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐     To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  *See Section 8 of the plan.*  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.    *You should read the attached plan carefully for the details of how your claim is treated.*  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **September 13, 2018** |
| Date and time of confirmation hearing: | **September 20, 2018 at 1:30 p.m.** |
| Place of confirmation hearing: | **Judge Kenney's Courtroom, 2nd Floor, Courtroom I,** |
| | **200 S. Washington St. Alexandria, VA** |

**Shana Leigh Marshall**
*Name(s) of debtor(s)*

By:    **/s/ John C. Morgan**
**John C. Morgan 30148**
*Signature*

☑ Debtor(s)' Attorney
☐ Pro se debtor

**John C. Morgan 30148**
*Name of attorney for debtor(s)*
**98 Alexandria Pike**
**Suite 10**
**Warrenton, VA 20186**
*Address of attorney [or pro se debtor]*

Tel. #    **540-349-3232**
Fax #    **888-612-0943**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                    Best Case Bankruptcy

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

      ☑  first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

      ☐  certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   __**August 16, 2018**__  .

 

                                          **/s/ John C. Morgan**
                                          **John C. Morgan 30148**
                                          *Signature of attorney for debtor(s)*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

# SPECIAL NOTICE TO SECURED CREDITOR

To: **USDA Rural Development**
**P.O. Box 66879**
**Saint Louis, MO 63116**
*Name of creditor*

**7053 Justin Court W., Remington, VA 22734 (Real Estate)**
*Description of collateral*

1.  The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☑  To value your collateral. ***See Section 4 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐  To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 8 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2.  ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, underline you file and serve a written objection by the date specified and appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **September 13, 2018** |
| Date and time of confirmation hearing: | **September 20, 2018 at 1:30 p.m.** |
| Place of confirmation hearing: | **Judge Kenney's Courtroom, 2nd Floor, Courtroom I,** |
| | **200 S. Washington St. Alexandria, VA** |

**Shana Leigh Marshall**
*Name(s) of debtor(s)*

By:  **/s/ John C. Morgan**
**John C. Morgan 30148**
*Signature*

☑ Debtor(s)' Attorney
☐ Pro se debtor

**John C. Morgan 30148**
*Name of attorney for debtor(s)*
**98 Alexandria Pike**
**Suite 10**
**Warrenton, VA 20186**
*Address of attorney [or pro se debtor]*

Tel. #  **540-349-3232**
Fax #  **888-612-0943**

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

&#9745; first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

&#9744; certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this    **August 16, 2018**   .

**/s/ John C. Morgan**
**John C. Morgan 30148**
*Signature of attorney for debtor(s)*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                                                 Best Case Bankruptcy

# United States Bankruptcy Court
### Eastern District of Virginia

| | | | |
|---|---|---|---|
| In re | **Shana Leigh Marshall** | Case No. | **15-10855** |
| | Debtor(s) | Chapter | **13** |

## AMENDMENT COVER SHEET

Amendment(s) to the following petition, list(s), schedule(s) or statement(s) are transmitted herewith:

☐ Involuntary/Voluntary Petition *[Specify reason for amendment:* ____*]*
    *Check if applicable:* ☐ Soc. Sec. No. amended. [*If applicable:* **An original, signed Official Form 121 was mailed/hand-delivered to the Clerk's office on _____.*]**

☐ Summary of Your Assets and Liabilities (and Certain Statistical Information - Individuals Only)
☐ Declaration (Individuals - Form 106Dec) (Non-Individuals - Form 202)
☐ Schedule A/B – Property
☐ Schedule C – The Property You Claim as Exempt
☐ Schedule D – Creditors Who Hold Claims Secured by Property (See LBR 1009-1)
☐ Schedule E/F – Creditors Who Have Unsecured Claims (See LBR 1009-1)
☐ Schedule E/F Creditors Who Have Unsecured Claims (See LBR 1009-1)
    *(**$31.00 fee required** if adding or deleting pre-petition creditors, changing amounts owed or classification of debt.)* **Check applicable statement(s):**
        ☐ **Creditor(s) added**      ☐ **Creditor(s) deleted**
        ☐ **Change in amounts owed or classification of debt**
        ☑ **No pre-petition creditors added/deleted, or amounts owed or classification of debt changed.** [Docket: **Amended Schedule(s) and/or Statement(s), List(s)-NO FEE)**
        ☐ **Post-petition creditors added (Schedule of Unpaid Debts)**
    **REMINDER: Conversion of Chapter 13 to Chapter 7 - only file Schedule of Unpaid Debts.**
☐ Schedule G – Executory Contracts and Unexpired Leases
☐ Schedule H – Codebtors
☑ Schedule I – Your Income
☑ Schedule J – Your Expenses

**[NOTE: The form "NOTICE TO CREDITOR(S) (RE AMENDMENT)" is still required when adding or deleting creditors. *Amendment of debtor(s) Social Security Number requires that this cover sheet together with a completed Official Form 121 – Statement About Your Social Security Numbers be electronically filed or submitted to the Clerk's Office for "restricted" entry of the amended Social Security Number into the case record.]**

☐ Statement of Financial Affairs
☐ Statement of Intention for Individuals Filing Under Chapter 7
☐ Chapter 11 List of Equity Security Holders
☐ Chapter 11: The List of Creditors Who Have the 20 Largest Unsecured Claims Against You Who Are Not Insiders
☐ Attorney's Disclosure of Compensation
☐ Other: ____

## NOTICE OF AMENDMENT(S) TO AFFECTED PARTIES

Pursuant to Federal Rule of Bankruptcy Procedure 1009(a) and Local Rule 1009-1, I certify that notice of the filing of the amendment(s) checked above has been given this date to the United States Trustee, the trustee in this case, and to any and all entities affected by the amendment as follows: ____.

Date: __**August 16, 2018**__

        **/s/ John C. Morgan**
        **John C. Morgan 30148**
        Attorney for Debtor(s) [or *Pro Se* Debtor(s)]
        State Bar No.:   **30148 VA**
        Mailing Address: **New Day Legal, PLLC**
                    **98 Alexandria Pike**
                    **Suite 10**
                    **Warrenton, VA 20186**
        Telephone No.:   **540-349-3232**

[amendcs ver. 12/16]

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Shana Leigh Marshall** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (If known) | **15-10855** |

Check if this is:

■ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I

## Schedule I: Your Income                                              12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1.  **Fill in your employment information.**

    If you have more than one job, attach a separate page with information about additional employers.

    Include part-time, seasonal, or self-employed work.

    Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| | Occupation | **Corporate Travel Consultant** | |
| | Employer's name | **Child Travel Services Inc.** | |
| | Employer's address | **19 Roosevelt Highway**<br>**Colchester, VT 05446** | |
| | How long employed there? | **5 years 11 months** | |

### Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 3,774.03 | $ N/A |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ 0.00 | +$ N/A |
| 4. | Calculate gross Income. Add line 2 + line 3. | 4. | $ 3,774.03 | $ N/A |

Debtor 1  **Shana Leigh Marshall**                          Case number (*if known*)  **15-10855**

|  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here | 4. | $ **3,774.03** | $ **N/A** |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ **642.96** | $ **N/A** |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $ **0.00** | $ **N/A** |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $ **37.74** | $ **N/A** |
| 5d. **Required repayments of retirement fund loans** | 5d. | $ **46.30** | $ **N/A** |
| 5e. **Insurance** | 5e. | $ **451.51** | $ **N/A** |
| 5f. **Domestic support obligations** | 5f. | $ **0.00** | $ **N/A** |
| 5g. **Union dues** | 5g. | $ **0.00** | $ **N/A** |
| 5h. **Other deductions.** Specify:  **Medical FSA** | 5h.+ | $ **88.94** + | $ **N/A** |

6. **Add the payroll deductions.**  Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.  $ **1,267.45**   $ **N/A**

7. **Calculate total monthly take-home pay.**  Subtract line 6 from line 4.    7.  $ **2,506.58**   $ **N/A**

8. **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.    8a.  $ **0.00**   $ **N/A**

8b. **Interest and dividends**    8b.  $ **0.00**   $ **N/A**

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.    8c.  $ **0.00**   $ **N/A**

8d. **Unemployment compensation**    8d.  $ **0.00**   $ **N/A**

8e. **Social Security**    8e.  $ **0.00**   $ **N/A**

8f. **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify:    8f.  $ **0.00**   $ **N/A**

8g. **Pension or retirement income**    8g.  $ **0.00**   $ **N/A**

8h. **Other monthly income.** Specify:  **Household Contribution**    8h.+  $ **350.00** +   $ **N/A**

9. **Add all other income.**  Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.  $ **350.00**   $ **N/A**

10. **Calculate monthly income.**  Add line 7 + line 9.    10.  $ **2,856.58** +  $ **N/A** =  $ **2,856.58**
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in *Schedule J.***
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify:    11.  +$ **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.**  The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies    12.  $ **2,856.58**

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
■ No.
☐ Yes. Explain:

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Shana Leigh Marshall** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (If known) | **15-10855** |

Check if this is:

■ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses                                                                 12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1.  **Is this a joint case?**

    ■ No. Go to line 2.

    ☐ Yes. **Does Debtor 2 live in a separate household?**

       ☐ No

       ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  **Do you have dependents?**    ☐ No

    Do not list Debtor 1 and Debtor 2.

    Do not state the dependents names.

    ■ Yes.  Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| **Son** | **21** | ☐ No  ■ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**     ■ No    ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | Your expenses |
|---|---|

4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.     4. $ **1,025.00**

    **If not included in line 4:**

    4a.   Real estate taxes                                               4a.  $ **0.00**
    4b.   Property, homeowner's, or renter's insurance                    4b.  $ **0.00**
    4c.   Home maintenance, repair, and upkeep expenses                   4c.  $ **0.00**
    4d.   Homeowner's association or condominium dues                     4d.  $ **0.00**
5.  **Additional mortgage payments for your residence,** such as home equity loans     5.  $ **0.00**

Debtor 1   **Shana Leigh Marshall**                                      Case number (if known)   **15-10855**

| | | | | |
|---|---|---|---|---:|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | **146.13** |
| | 6b. | Water, sewer, garbage collection | 6b. $ | **138.70** |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | **313.17** |
| | 6d. | Other. Specify: | 6d. $ | **0.00** |
| 7. | **Food and housekeeping supplies** | | 7. $ | **245.24** |
| 8. | **Childcare and children's education costs** | | 8. $ | **90.50** |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | **25.00** |
| 10. | **Personal care products and services** | | 10. $ | **15.00** |
| 11. | **Medical and dental expenses** | | 11. $ | **67.41** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | **117.20** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | **0.00** |
| 14. | **Charitable contributions and religious donations** | | 14. $ | **0.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | **63.21** |
| | 15b. | Health insurance | 15b. $ | **0.00** |
| | 15c. | Vehicle insurance | 15c. $ | **199.71** |
| | 15d. | Other insurance. Specify: | 15d. $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: **Personal Property Taxes, License & Tags** | | 16. $ | **40.75** |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | **0.00** |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | **0.00** |
| | 17c. | Other. Specify: **Peebles Credit Card** | 17c. $ | **65.26** |
| | 17d. | Other. Specify: **Credit One** | 17d. $ | **61.32** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. $ | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. $ | **0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a. | Mortgages on other property | 20a. $ | **0.00** |
| | 20b. | Real estate taxes | 20b. $ | **0.00** |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | **0.00** |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | **0.00** |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | **0.00** |
| 21. | **Other:** Specify: | | 21. +$ | **0.00** |

| | | | |
|---|---|---|---:|
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | **2,613.60** |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | **2,613.60** |
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | **2,856.58** |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | **2,613.60** |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | **242.98** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    ■ No.
    ☐ Yes.   Explain here: **Line #4 Rent = Expected amount to pay for rent after surrendering current home**

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Shana Leigh Marshall** |
| | First Name        Middle Name        Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (if known) | **15-10855** |

☑ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Sign Below**

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes. Name of person _____   Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

| X  **/s/ Shana Leigh Marshall** | X |
|---|---|
| **Shana Leigh Marshall** | Signature of Debtor 2 |
| Signature of Debtor 1 | |
| Date  **August 16, 2018** | Date |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Account Management Company
P.O. Box 120567
Newport News, VA 23612


ADT Security Services Inc.
P.O. Box 371490
Pittsburgh, PA 15250


Avant Credit
640 La Salle Dr., Ste 535
Chicago, IL 60654


Blue Ridge Housing Network
115 Chester St., #4
Front Royal, VA 22630


Capital One
Attn: Bankruptcy
P.O. Box 30285
Salt Lake City, UT 84130


Citibank
PO Box 6241
Sioux Falls, SD 57117


Citibank/The Home Depot
P.O. Box 790040
Saint Louis, MO 63179


Citifinancial
605 Munn Road
Fort Mill, SC 29715


DJO, LLC
P.O. Box 51547
Los Angeles, CA 90051


Fauquier Health Physician
253 Veterans Drive #210
Warrenton, VA 20186


Fauquier Hospital
P.O. Box 441575
Detroit, MI 48244

GEMB/Walmart
Attn: Bankruptcy
P.O. Box 103104
Roswell, GA 30076


Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7317


Long Beach Acceptance/AmeriCredit
P.O. Box 183853
Arlington, TX 76096


Northern Piedmont FCU
40 Rock Pointe Lane
Suite 1B
Warrenton, VA 20186


Portfolio Recovery Associates
Attn: Bankruptcy
P.O. Box 41067
Norfolk, VA 23541


Sears/CBNA
P.O. Box 6282
Sioux Falls, SD 57117


Springleaf Financial Services
P.O. Box 3251
Evansville, IL 47731


Springleaf Financial Services
P.O. Box 3251
Evansville, IN 47731


TD Bank USA/Target Credit
P.O. Box 673
Minneapolis, MN 55440


USDA Rural  Development
P.O. Box 66879
Saint Louis, MO 63166

```
UVA Community Credit Union
3300 Berkmar Drive
Charlottesville, VA 22901


Verizon
500 Technology Dr., Ste. 30
Weldon Spring, MO 63304


Vint Hill FCU
P.O. Box 1528
Warrenton, VA 20187


Virginia Orthopedic Center
663 Sunset Lane
Culpeper, VA 22701


Virginia Radiology Associates
P.O. Box 1067
Manassas, VA 20108
```